UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| CONNIE COLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-423-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Connie Cole ("Cole") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Cole seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to Supplemental Security Income payments. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Cole.

**I.    LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe

impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What were previously 20 C.F.R. §§ 416.920(e) and (f) are now 20 C.F.R. §§ 416.920(f) and (g), respectively.

selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.  PROCEEDINGS BEFORE THE ALJ

On January 16, 2001, the Claimant filed an application for disability insurance benefits and Supplemental Security Income payments, which was denied initially and upon reconsideration. Pursuant to a timely request, an administrative hearing was held before ALJ James D. Kemper, Jr., on May 22, 2002. On July 23, 2002, ALJ Kemper issued a decision finding that Cole was not "disabled" and that she retained the RFC to perform medium work and had moderate limitations in her ability to participate in activities of daily living. [Tr., pp. 14, 19]. Therefore, the ALJ opined that she was not entitled to Disability Insurance Benefits or Supplemental Security Income payments.

Subsequently, on August 6, 2002, Cole filed the current application for Supplemental Security Income payments. On July 24, 2003, a second administrative hearing was held before ALJ J. Robert Brown in Prestonsburg, Kentucky. During this hearing, the ALJ heard testimony from Cole and Donald Woolwine, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Cole. ALJ Brown concluded that Cole retained the ability to perform a significant range of light work. [Tr., p. 319] Notably, in the hypothetical question to the VE, ALJ Brown asked the VE to assume an individual with mild, as opposed to moderate, restrictions in activities of daily living. [Tr., p. 628] Based on testimony from the VE, the ALJ concluded that Cole was capable of performing a significant number of jobs in the national economy. [Tr., p. 319]

## III. DISCUSSION

Cole contends that ALJ Brown erred because he assessed a RFC different from the RFC found by ALJ Kemper at Cole's initial hearing. Relying on the Sixth Circuit's opinion in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), Cole asserts that ALJ Brown was bound by the decision of the prior ALJ. [Record No. 10, p. 5]

In *Drummond*, the claimant's initial application for Supplemental Security Income was denied by an ALJ, finding that the claimant retained the RFC to perform "sedentary" work. *Id*. at 838. The claimant filed a subsequent application for Supplemental Security Income two years later. Another hearing was held before an ALJ. This time, the ALJ concluded that the claimant had the RFC to perform "medium" work. *Id*. at 839. The Sixth Circuit held that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id*. at 842. The result of this decision for the claimant in *Drummond* was the awarding of benefits.[2]

In the instant case, at the Claimant's initial hearing, ALJ Kemper concluded that Cole had the residual functional capacity to perform medium work. [Tr., p. 19] ALJ Brown, however, determined that Cole was restricted to performing a significant range of light work. [Tr., p. 319] Thus, ALJ Brown actually found that Cole should perform work at a lower exertional level than ALJ Kemper.

---

[2] Benefits were due because claimant's age status had changed from a "younger person" to a "person approaching advanced age," during the time between the two applications for benefits. The result of a "sedentary" RFC finding in combination with the new age status meant the claimant was entitled to benefits. *Id*. at 839.

Cole, however, focuses her challenge on ALJ Brown's mental RFC assessment and the findings regarding her limitations in activities of daily living. Specifically, Cole argues that ALJ Brown's hypothetical question to the VE did not properly incorporate the mental RFC assessment of ALJ Kemper. ALJ Kemper concluded that Cole had *moderate* limitations in her ability to understand, remember and carry out detailed instructions, to interact appropriately with the general public, to get along with coworkers or peers without distracting them, to exhibiting behavioral extremes, and to respond appropriately to changes in the work setting. [Tr., p. 17] However, in his hypothetical question, ALJ Brown asked the VE to base his conclusions on an individual with *mild* to *moderate* difficulties in social functioning and *mild* to *moderate* difficulties in maintaining concentration, persistence, and pace. [Tr., p. 628] Cole argues that these limitations are different than those found by ALJ Kemper. However, this Court does not agree. ALJ Brown asked the VE to assume that the hypothetical person was mildly to moderately limited and, in doing so, he incorporated the findings of ALJ Kemper. Thus, the VE listed jobs that a person who was *either* mildly or moderately limited in these specific areas could perform.

The only real difference in the findings of ALJ Kemper and ALJ Brown is their assessments regarding Cole's limitations in activities of daily living. ALJ Kemper specifically opined that Cole had "moderate" limitations in this area. [Tr., p. 14] ALJ Brown, however, did not make a specific finding on this issue. Instead, in the hypothetical question, he asked the VE to assume a person with "mild" restrictions in activities of daily living. [Tr., p. 628]

Although the principles of res judicata may bind a Commissioner and prevent the re-litigation of issues that have previously been adjudicated, the fact remains that when there is evidence of changed circumstances in the record, a subsequent ALJ will not be bound by the findings of a previous ALJ. *Drummond*, 126 F.3d at 842-43. The Commissioner contends that there was new evidence indicating an improvement in Cole's condition with respect to her ability to participate in activities of daily living. Specifically, the Commissioner notes that, at the initial hearing, Cole indicated that on her "down" days,[3] her sister takes care of her disabled husband and child. In addition, she stated that her sister does her household chores and shopping. In contrast, the Commissioner asserts that, more recently, Cole testified that she was able to take care of her son, drive, cook, do laundry and go shopping. Thus, according to the Commissioner, there is evidence in the record that warranted ALJ Brown's greater RFC assessment of Cole's ability to perform activities of daily living.

Notably, at the hearing before ALJ Brown, Cole did not differentiate her good days from her bad days. Rather, when she was asked to describe how her impairments affect her on a daily basis, she indicated that she was still able to fix breakfast for her son, drive him to preschool, go grocery shopping, do laundry and clean house. [Tr., p. 617-18] Thus, it appears that ALJ Brown reviewed the evidence of record, specifically the testimony of Cole, and concluded that there was substantial evidence indicating that Cole's capacity to participate in activities of daily living had improved since the time of ALJ Kemper's administrative decision. As such, ALJ Brown found that Cole had only mild limitations in activities of daily living.

---

[3]    Cole indicates that she is bipolar and/or manic depressive and has both good days and bad days.

In making this determination, ALJ Brown also relied on the medical assessment of Dr. Johnson. The ALJ noted that, Dr. Johnson indicated that Cole would have difficulty relating to others during her manic episodes. However, the ALJ pointed out that there is no evidence in the record indicating how often Cole experiences manic episodes. The ALJ further noted that Dr. Johnson opined that, despite this fact, Cole was capable of following work rules; dealing with the public; and understanding, remembering and carrying out simple job instructions. It is apparent that the ALJ Brown considered the testimony and evidence of record and determined that Cole's ability to participate in activities of daily living had improved since her initial request for benefits.

Because substantial evidence exists indicating that Cole's condition had improved since the initial hearing, ALJ Brown was not bound by ALJ Kemper's determination as to Cole's limitations in daily living. As such, the Court finds that the Claimant has failed to provide any basis for reversing the decision of ALJ Brown or for remanding the case for further proceedings.

**IV.     CONCLUSION**

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1)     Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2)     The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 25th day of July, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge